# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3408 | **DATE** | 10/28/2010 |
| **CASE TITLE** | Cocroft vs. HSBC Bank USA | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendants' motions to dismiss [35 & 42]. Count 1, plaintiffs' TILA Act claim, is dismissed as time-barred. Count 2, plaintiffs' RICO claim, is dismissed for failure to state a claim. The Court will enter final judgment against the plaintiffs unless they file, by 11/8/10, a motion to file an amended complaint attaching a proposed amended complaint that states a viable claim over which this Court has jurisdiction. The case is set for a status hearing on 11/15/10 at 9:30 a.m.

■[ For further details see text below.]

**STATEMENT**

Plaintiffs' motion to require defense counsel to state whether they represent creditors or holders in due course [39] is terminated.

The *pro se* plaintiffs in this case, David and Veynelcia Cocroft, are defendants in a state court mortgage foreclosure case involving residential property that they own in Country Club Hills, Illinois. They have filed a 2-count complaint against HSBC Bank USA as trustee of a mortgage loan trust; Mortgage Electronic Registration Systems, Inc. (MERS); Countrywide Bank, FSB; Bank of America Home Loans; and the law firm of Codilis & Associates. Count 1 is a claim under the Truth in Lending Act. Count 2 is a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO).

As best as the Court can make out from the papers, the Cocrofts refer to Countrywide Bank as the "alleged lender" but appear to dispute that it is the actual lender; MERS serviced the loan; Bank of America purchased Countrywide's assets; and HSBC is trustee of a mortgage loan trust that possibly purchased the Cocrofts' mortgage. The Court notes these matters not to make findings on any of them but rather simply to identify the participants in the case. Codilis & Associates is the law firm that represents the mortgagee, or the alleged mortgagee, in the state court foreclosure suit against the Cocrofts.

In their TILA claim, the Cocrofts allege that they exercised their right to rescind the mortgage on July 1, 2009 and that the defendants refused to honor the rescission. The complaint alleges that the mortgage was

| | Courtroom Deputy Initials: | OR |
|---|---|---|

made on or about April 17, 2007.

The Court agrees with Codilis & Associates that it is not a proper defendant on the TILA claim because it is not a creditor of the Cocrofts. Only a creditor can be liable under TILA. *See* 15 U.S.C. § 1640(a). A creditor is a person to whom the debt is payable. *See* 15 U.S.C. § 1602(f). Codilis & Associates is not and was not a creditor of the Cocrofts; rather, it is the attorney for entities that allege they are creditors of the Cocrofts. The fact that a law firm can (in appropriate circumstances) be a proper defendant on a claim under the Fair Debt Collection Practices Act (FDCPA), as the Cocrofts argue, does not help them in this case, because the Court is considering a TILA claim, not a FDCPA claim. Codilis & Associates is entitled to dismissal with prejudice of the TILA claim.

The other defendants argue that the TILA claim against them has several deficiencies. First, the Court disagrees with the contention that the Cocrofts' claim is deficient because the property was not their principle residence. The Court cannot make that determination as a matter of law from the complaint or the attachments. Second, the Court disagrees with defendants' contention that the Cocrofts cannot seek rescission under TILA because did not first tender or offer to tender the property they received, i.e., the mortgage loan. In contrast to common law rescission, the borrower need not first return the loan proceeds he or she received to effect a rescission. *See Velazquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 2d 1043, 1045-46 (N.D. Ill. 2003) (citing other cases). Rather, were the Court to order rescission, it would condition that on appropriate tender of consideration by the Cocrofts. But that does not have to happen as a prerequisite to filing suit, contrary to the defendants' arguments.

Defendants' third argument, however, has merit. Under TILA, a debtor has three business days from the date of the transaction to rescind. If, however, the creditor has failed to make all material disclosures, the consumer's right to rescind may be extended for up to three years. 15 U.S.C. § 1635(a); *see Velazquez*, 254 F. Supp. 2d at 1045. In this case, however, the Cocrofts do not allege any TILA violations at the time of the loan back in 2007. Rather, the only TILA violation they allege in their complaint is the failure to honor the right to rescind. But because the Cocrofts allege no basis for extending the time for rescission under TILA, the time for them to rescind had already expired long before they send the notice of rescission or cancellation in July 2009. A debtor that lacks the right to rescind cannot construct a TILA violation from a creditor's failure to honor their tardy rescission demand. *See Velazquez*, 254 F. Supp. 2d at 1047 n.1.

The Cocrofts argue at some length that the parties who have sued them for foreclosure are not the owners of their mortgage and cannot properly sue them. The Court expresses no views regarding the merits of that argument. Even if the argument is correct, it does not form the basis for a claim under TILA. TILA is concerned with disclosure at the time a loan is made, not with what party or parties can sue for alleged default on a loan.

Because the complaint itself establishes that the Cocrofts' rescission demand came far too late, and because they fail to allege a basis for extending the three-business-day period, their TILA claim is time-barred and must be dismissed.

Turning next to the RICO claim, the Court agrees with defendants that the Cocrofts have failed to state a claim under the RICO statute. Liability under RICO requires, among other things, a "pattern of racketeering activity," which in turn requires, at a minimum, two or more predicate violations of criminal law cited within the RICO statute. The only predicate acts the Cocrofts cite involved the statute concerning collection of unlawful debts. That does not apply in this situation. It concerns gambling debts and what is commonly known as loan-sharking. *See* 18 U.S.C. § 1961(6). The Cocrofts have alleged nothing like this in their complaint.

Because the Cocrofts have failed to meet this basic requirement in their complaint, they have failed to state a

claim under RICO. For this reason, the Court need not consider the defendants' remaining arguments for dismissal of the RICO claim.

In sum, the Court grants defendants' motions to dismiss. Count 1, plaintiffs' Truth in Lending Act claim, is dismissed as time-barred. Count 2, plaintiffs' RICO claim, is dismissed for failure to state a claim. The Court will enter final judgment against plaintiffs unless they file, by November 8, 2010, a motion to file an amended complaint attaching a proposed amended complaint stating a viable claim over which this Court has jurisdiction. The case is set for a status hearing on November 15, 2010 at 9:30 a.m. Plaintiffs' motion to require defense counsel to state whether they represent the creditors or holders in due course is terminated, in light of the dismissal of plaintiffs' complaint in the present case.