Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3408 | **DATE** | 4/27/2011 |
| **CASE TITLE** | Cocroft, et al. vs. HSBC Bank USA, NA, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiffs leave to file their proposed second amended complaint but dismisses Counts 1, 3, and 4 of that complaint. The remaining defendants (i.e., the defendants other than Codilis & Associates, which was previously dismissed) are directed to answer Counts 2 and 5 on or before May 18, 2011. The case is set for a status hearing on May 25, 2011 at 9:30 a.m. for the purpose of setting a pretrial schedule.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiffs have sought leave to file a second amended complaint that includes claims under the Truth in Lending Act (TILA), the Home Ownership and Equity Protection Act (HOEPA), the Racketeer Influenced and Corrupt Organizations Act (RICO), and Illinois law. The factual background is set forth in the Court's order dated October 28, 2010, in which the Court dismissed plaintiffs' original TILA claim as time-barred and dismissed their original RICO claim for failure to state a claim. In this order, the Court assesses whether plaintiffs' proposed second amended complaint includes viable claims.

1.  *RICO claim.* Liability under RICO requires, among other things, a "pattern of racketeering activity," which in turn requires two or more predicate violations of criminal laws cited within the RICO statute. *See* 18 U.S.C. §§ 1964(c) & 1961(5). Plaintiffs' only allegation in this regard largely tracks their original, deficient allegation: they allege that their loan was an "unlawful debt" and that defendants' attempts to collect it constituted RICO predicate offenses. As the Court explained in its October 28 order, however, an "unlawful debt" within the meaning of RICO includes only gambling debts and debts that are unenforceable because the interest rate is so high that it violates usury laws. *See* 18 U.S.C. § 1961(6). Plaintiffs have alleged nothing that so much as hints that the home mortgage loan(s) at issue in this case fall within that definition. Their allegations explaining why they contend the debt is "unlawful" concern purported violations of statutes such as TILA and state consumer protection laws, which are not RICO predicate offenses. *See* 2d Am. Compl. ¶¶ 124-127. Plaintiffs make no allegations that would permit a conclusion that they have adequately alleged the requisite "pattern of racketeering activity." Count 3 is therefore deficient.

2.  *TILA claims*. As indicated earlier, the Court dismissed plaintiffs' original TILA claim, in which they alleged that the defendants refused to honor their rescission of the mortgage. TILA gives a debtor three days to rescind, unless the creditor failed to make all material disclosures, in which case the right to rescind may be extended for up to three years. 15 U.S.C. § 1635(a); *see Velazquez v. HomeAmerican Credit, Inc.*, 254 F.

| STATEMENT |
|---|

Supp. 2d 1043, 1045 (N.D. Ill. 2003). Plaintiffs did not rescind within three days of the finalization of the loan transaction, and in their original complaint they alleged no underlying TILA violation at the time the loan was made that would extend the rescission period. The Court therefore ruled that they had not alleged a proper basis to maintain their TILA claim for wrongfully dishonoring their request to rescind.

Plaintiffs now make two TILA claims. In Count 2, they reassert their TILA claim based upon the failure to comply with their rescission demand. As the Court has just noted, the timeliness of their attempt to rescind, and thus the viability of Count 2, depends on whether there was a material TILA violation at the time of the loan. Plaintiffs contend that the TILA disclosures at the time of the loan understated the actual amount of interest due by about $5,000. There has been a good deal of back-and-forth regarding the merits of this allegation. Defendants have argued strenuously that the allegation is baseless and unsupported. The Court is skeptical that plaintiffs will be able to make a case that the interest disclosure at the time of the loan ran afoul of TILA. The Court does not believe, however, that it can determine this question adversely to plaintiffs based on the complaint alone. The complaint's allegations, taken as true as required at this stage of the case, set forth a viable basis for extending the rescission period – even if plaintiffs ultimately may be unable to prove what they have alleged. Because plaintiffs have alleged a material TILA violation at the time of the loan, the Court concludes that Count 2 states a viable TILA claim for failure to honor plaintiffs' right to rescind. If defendants wish to challenge the merits of this claim, on timeliness grounds or otherwise, the appropriate course is to file a motion for summary judgment.

Count 1 is a different matter. It is based on the underlying claim that the interest disclosure at the time of the loan (in April 2007) was understated and thus violated TILA. This claim, asserted as a separate claim, is time-barred. A one-year limitations period governs TILA claims of this sort, *see* 15 U.S.C. § 1640(e), and plaintiffs did not file suit anywhere close to one year after the violation they allege in Count 1. They cannot maintain this as a separate TILA claim. *See, e.g., Jenkins v. Mercantile Mortg. Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002) ("TILA violations that are subject to the one year statute cannot be overcome merely by linking them to a rescission claim.").

3. *HOEPA claim*. Plaintiffs assert a claim under HOEPA, which requires an enhanced level of disclosures and imposes other requirements in connection with home mortgage loans that carry a high interest rate as described in the statute. *See* 15 U.S.C. § 1639. HOEPA has a one-year limitations period for suits for damages, which is what plaintiffs seek in Count 4. *See* 15 U.S.C. § 1640(e); *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 532 (7th Cir. 2011). Plaintiffs' loan closed in April 2007, but they did not file this suit until over three years later. The HOEPA claim is time-barred.

4. *State law claims*. The Court agrees with defendants that plaintiffs' claim for breach of good faith (Count 5) is not an independent legal claim under Illinois law but rather is only a rule of contract interpretation. *See, e.g., Zeidler v. A&W Restaurants, Inc.*, 301 F.3d 572, 575 (7th Cir. 2002).

Count 6 is a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act. This appears to state a viable claim. The Court will permit plaintiffs to proceed on it, though the Court does not rule out the possibility that defendants may be able to show that the claim is not legally viable.